Judge Graham
delivered the opinion of the Court.
This is a writ of error pi’osecuted by Polly Turner and others, part of the heirs of Jonathan Rice, deceased, against Wesley Rice and others, to procure a reversal of certain orders and proceedings had before the Logan County Court, dividing the lands of said Jonathan Rice, deceased, among his heirs.
Several objections have been taken to the proceedings, some of whiph are, in our opinion, sufficient to require a reversal. “In summary proceedings of this character it is essentially necessary that the record should show the existence of facts which give the Court a right to exercise jurisdiction of the case:” (3 L. 40.) It ought to appear'that every requisite of the law had been complied with: (2 Mar. 559.) The act of 1811, (2 Statute Laws, 1070,) under which we suppose this proceeding was had in the County Court, authorizes the County Court of the county where the intestate may die, or where the estate descended, or any part thereof lies, on the application of the heirs, or any of them,' of the intestate, to appoint thi’ee fit commissioners to make partition of all the real estate, so descended, amongst the said parceners. The commissioners are to be sworn to perform their duty, and if all the heirs do not apply for the order, it must appear by affidavit, produced to the Court, that the applicant has given reasonable notice to every other person interested, &c. The record before us states that the order appointing commissioners was made “on the motion of Jonathan Rice, administrator of Jonathan Rice, deceased, and the heirs of said Rice, deceased, but fails to *421 name the persons appearing before them, and representing themselves to be heirs of Jonathan Rice, deceased. The Legislature, in their requisition that the application should be made by the heirs, certainly intended that the record should show by whom the motion was made, so that if it be done by persons claiming to be heirs, but who are not in fact so, the real heirs may be enabled to treat the whole proceeding as a nulity. The application may be made by persons representing themselves as the only heirs of the decedent, and the Court may entertain the opinion that there are no others entitled to claim as such, and yet there may be others, unknown to the Court. The order in this particular, therefore, is defective. It ought to have named the persons at whose instance the order was made. Again: it does not any where in the record appear either that said Jonathan Rice died in Logan county, or that any portion of his lands lie in that county. One of these facts must exist, otherwise that Court cannot entertain jurisdiction of the case.
The same order which appointed commissioners to divide, also directed them to convey to the heirs. This was premature. The act requires the commissioners to make report of their proceedings, in the premises, to the Court, and if no exception is sustained to their report, the commissioners shall be empowered by the Court to convey to each parcener. As the order will be sent back, we suggest, without deciding the omission to be fatal, that it is advisable that the fact of the commissioners having been sworn before they proceeded to act, should be verified by the certificate of the Justice of the Peace.
Because of the failure to mention the names of the heirs, at whose instance the order was granted, and because it is not shown either that Jonathan Rice died in Logan county, or that any part of his real estate lies in that county — the order of the County Court and all the subsequent proceedings of said Court, and the commissioners in relation to the division of the real estate of said Rice, deceased, are reversed, and the matter is *422 remanded back to that Court for new proceedings in conformity with the statute, if the heirs desire a division of the lands descended to them.
Temple for plaintiffs.